HARPER vs. HUNTER & HAMILTON.

1. Where no question of law was made in the circuit court, and no bill of exceptions is upon the record, the judgment of the court below will be affirmed.

## APPEAL from New Madrid Circuit Court.

T. POLK, for respondent.

This was a suit on an account for goods, wares and merchandise, set and determined in the New Madrid circuit court. Only one of the defendants, towit: Hunter put in an answer. As for Hamilton, the other defendant, the suit was undefended. Hunter, in his answer, denied that he ·had purchased the goods, or that they had been purchased by any person authorized by him to make purchases. When the case was entered for trial it was submitted, by the parties appearing, to the court, as is shown by the record, neither party requiring a jury. The court found for the plaintiff and judgment was rendered according to the finding. There was no instruction asked by either party, and no declaration of the law by the court. The defendants filed no motion for a new trial. And there was a motion in arrest of judgment filed, yet it was afterwards withdrawn and never passed upon by the court. There was no bill of exceptions in this case spreading any of the evidence upon the record. Nor was there any exceptions taken to any action or ruling of the court.

Thus the court below seems to have passed upon no question of law presented to it by either party, and such being the case, there can be no claim made in this court to have the judgment set aside, because of any errors committed by the court below, in deciding upon any question of law presented to it.

And as there was no motion made for a new trial, by which the finding on the facts could have been submitted to the court for review, of course there can be no complaint that the finding was not what it ought to have been. That finding not having been complained of in the *nisi prius* court cannot more be complained of in the appellants court.

The 2nd section of the 15th article of the Code of Practice, provides, that upon a trial of a

question of fact by the circuit court, its decisions shall be in writing and shall give the facts, and then the court's decision upon them. But the 3d section of the article shows, that this provision is for the purpose of enabling the parties to except upon any matter of law arising upon the trial, and also to move for a review of the evidence.

This spreading out of the evidence in writing, was not done by the circuit court. But no objection was made, and no exception taken to its not being done, and the appellant cannot complain in this court. He is too late. The place for the objection was in the court below. It is consistent with the state of the case presented by the record, that the parties below, appellant as well as respondent, consented that the evidence should not be written down. And where this court can presume a state of facts consistent with the showing on the record, that will warrant the action of the lower court, it will do so.

St. Louis Perpetual Insurance Company vs. Cohen, 9 Mo. Rep. 441; Riney vs. Vanlandingham, 9 Mo. Rep. 823.

GAMBLE, J., delivered the opinion of the court.

Harper sued the appellant for goods, wares and merchandise, sold and delivered. Hunter answered the petition, denying that he had purchased the goods, or that they had been purchased by his authority. Hamilton did not answer.

The case was tried by the court and a verdict and judgment rendered for the plaintiff, for the amount of the account. No question of law was made in the circuit court, either upon the pleadings or at the trial. There is no bill of exceptions upon the record. There was no objection made to the finding of the court.

Under such a state of facts, it is impossible that the appeal can have been taken for any other object than to obtain delay, and with the concurrence of the other judges it is directed that the judgment of the circuit court be affirmed, with damages at the rate of ten per cent. upon the amount of the judgment.